AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
District of Nebraska

United States of America )
v. )
)   Case No.   8:25MJ631
)
)
MARVIN AMLICAR CERMENO-PEREZ )
aka: MARVIN CERME O PEREZ )   **SEALED**
)
*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____October 6, 2025_____ in the county of _____Douglas_____ in the
_____ District of _____Nebraska_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Reentry |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

*Quintin Erdman* D.O.#5821
*Complainant's signature*

Quintin A. Erdman, Deportation Officer
*Printed name and title*

☐ Sworn to before me and signed in my presence.

☑ Sworn to before me by telephone or other reliable
electronic means.

Date: __11/13/2025__

*Judge's signature*

City and state:        Omaha, Nebraska            MICHAEL D. NELSON, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

MARVIN AMLICAR CERMENO-PEREZ
aka: MARVIN CERME O PEREZ,

Defendant.

8:25MJ631

**SEALED**

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT
AND ARREST WARRANT FOR MARVIN AMLICAR CERMENO-PEREZ, aka:
MARVIN CERME O PEREZ**

I, Quintin A. Erdman, a Deportation Officer (DO) employed by the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO) duly appointed and sworn according to the law and at the time of the events herein was acting in his official capacity depose and state as follows:

**INTRODUCTION AND BACKGROUND**

1.     Your affiant was a federal law enforcement officer with the United States District Court, for the District of Nebraska, from November 2010 until September 2020. On September 13, 2020, your affiant was appointed as a Deportation Officer and subsequently completed the Basic Immigration Enforcement Training Program as required by 8 CFR 287.1(g). Your affiant is assigned to the Omaha ICE/ERO office and is currently part of the fugitive operations team.

2.     Deportation Officers are empowered to interrogate and arrest, with or without warrant, any person believed to be an alien in the United States in violation of law, pursuant to Section 287 of the Immigration and Nationality Act (INA) (8 U.S.C. § 1357). This affidavit is based on your affiant's personal knowledge and information provided to him by other law enforcement officers involved in this investigation.

**PROBABLE CAUSE**

3.     In my official capacity, your affiant made inquiries regarding **Marvin Amlicar CERMENO-PEREZ, aka: MARVIN CREME O PEREZ** (hereinto: the **defendant**), alienage and potential removability. Your affiant reviewed DHS databases and determined the **defendant** to be a citizen and native of Guatemala, ordered removed on June 4, 2019, and subsequently removed from the United States to Guatemala on August 14, 2019. The **defendant** illegally

reentered the United States on an unknown date, without the consent of the Attorney General, or the secretary of the Department of Homeland Security. Your affiant located the **defendant's** unique alien registration number (ARN, A-Number) XXX-XXX-982, and date of birth XX/XX/1998, and Federal Bureau of Investigations (FBI) FBI# ######JWX.

4.      Your affiant knows the **defendant** was encountered by United States Border Patrol (USBP) on June 4, 2019. Your affiant reviewed electronic records pertaining to the **defendant's** immigration history which shows the **defendant** was issued an Expedited Removal Order on June 4, 2019. USPB charged the **defendant** with improper entry by an alien, in violation of Title 8, U.S.C. § 1325. On July 31, 2019, the **defendant** was convicted in the U.S. District Court for the Southern District of California and sentenced to time served (Case 3:19-CR-2910). On August 14, 2019, ICE removed the **defendant** to Guatemala via ICE Air Operations.

5.      On October 6, 2025, officers with the Omaha Police Department (OPD) arrested the **defendant** near 1039 Park Avenue in Omaha, Nebraska. Your affiant reviewed an OPD report relating to the incident. The report indicates that OPD officers conducted a traffic stop at 1039 Park Avenue on a Ford Focus vehicle which had expired in-transits. Officers made contact with the **defendant**, who was driving. He did not have a driver's license. The **defendant** provided an expired passport which identified him as Cermeno-Perez, Marvin (XX-XX-1998). The **defendant** was unable to provide any form of insurance. Officers detected the odor of marijuana coming from the vehicle and asked the **defendant** if there were any drugs in the vehicle. He stated there was a small amount of marijuana inside the vehicle. An officer searched the vehicle and located a plastic bag containing marijuana which weighed approximately 6.07 grams. An officer located a container inside the center console which contained a zip lock bag. Inside the zip lock bag was approximately 25 smaller zip lock bags which contained a white powdery substance. The combined weight of the 25 zip lock baggies was approximately 17 grams. A field test on the powdery substance yielded a positive for cocaine. Officers arrested the **defendant**.

6.      An officer continued searching the vehicle, and inside the center console located a Taurus .22 handgun with serial number 1PT311695. Your affiant learned from the arresting officer that the **defendant** made post-*Miranda* statements in which the **defendant** stated that he found the gun in a park three weeks prior to his arrest, he admitted to possessing the firearm, and admitted to purchasing the cocaine.

7.      On October 7, 2025, ICE Omaha officers located the **defendant** during routine jail screenings of the Douglas County Department of Corrections. ICE officers reviewed the **defendant's** biographic information, compared photographs, and developed probable cause to lodge a detainer against the **defendant's** release with the Douglas County Department of Corrections. The immigration detainer bore the **defendant's** name, A-Number, the reasons for the probable cause determination, and requested the Douglas County Correctional Center (DCCC) maintain the **defendant's** custody until ICE assumed his custody. DCCC subsequently

submitted the **defendant's** fingerprints to the FBI, which biometrically confirmed the **defendant's** identity by revealing a matching FBI# ######JWX.

8.      On October 22, 2025, the **defendant** posted bond on his local charges. DCCC released the defendant from custody while the immigration detainer remained active. The Douglas County Court (Case CR25-17200) ordered the **defendant** to participate in the 24/7 program as a condition of his release and to appear in Douglas County Courtroom #625 at 9 a.m. on November 10, 2025.Z

9.      On October 13, 2025, the Douglas County Criminal Justice Center filed a 24/7 pretrial release violation for the **defendant** with the Douglas County Court and requested a warrant for failure to enroll in the program.

10.      On October 14, 2025, the Douglas County Court issued a warrant for the **defendant's** arrest.

11.      On November 10, 2025, your affiant attended the **defendant's** scheduled hearing in Douglas County Courtroom #625. The **defendant** failed to appear in Douglas County Court for a scheduled hearing, and a failure to appear warrant was issued for the **defendant's** arrest. Your affiant made inquiries with arresting officer and corroborated the details of the OPD arrest report, as described in paragraphs 5 and 6.

12.      Your affiant queried all relevant DHS databases and determined the **defendant** did not apply for or receive any form permission to enter the United States, nor was he encountered, inspected, admitted or paroled into the United States prior to being in Omaha, Nebraska, on October 6, 2025.

## CONCLUSION

13.      On October 6, 2025, Omaha Police Department officers located the **defendant** in Omaha, Douglas County, Nebraska. Based on these facts, your affiant believes there is **PROBABLE CAUSE** that the **defendant**, **Marvin Amlicar Cermeno-Perez,** is an alien who was ordered removed, subsequently removed to Guatemala, and was found at any time in the United States without the expressed consent of the Attorney General or the Secretary of the Department of Homeland Security, in violation of Title 8, United States Code, Section 1326(a).

## REQUEST FOR SEALING

14.      Your affiant requests that the criminal complaint, affidavit, and accompanying documents be filed under seal. The defendant is currently not in custody. Public disclosure of these documents could inhibit law enforcement's ability to locate and arrest the defendant. Public disclosure could also make apprehending the defendant more dangerous for arresting officers.

Affiant states that all statements contained in this affidavit are true and correct to the best of his knowledge.

_____
Quintin A. Erdman, Deportation Officer
Department of Homeland Security
Immigration and Customs Enforcement

SUBSCRIBED and SWORN to before me by telephone or other reliable electronic means this 13th day of November, 2025.

_____
MICHAEL D. NELSON
United States Magistrate Judge
District of Nebraska